UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORINE CRAWFORD,

      Plaintiff,

CASE NO. 1:18-CV-31

v.

HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

# ORDER APPROVING AND ADOPTING
# REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 12) and Plaintiff's Objection to it (ECF No. 13). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends affirming the Commissioner's decision on the basis that the ALJ's decision is supported by substantial evidence. The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objection to it. After its review, the Court finds that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct and accordingly adopts its conclusion.

## PLAINTIFF'S OBJECTION

### 1. Treating Physician Opinions

In her first Objection, Plaintiff argues the Magistrate Judge erred in finding the ALJ provided good reasons for assigning less than controlling weight to three opinions from her treating physicians, all of whom found Plaintiff was much more limited than as ultimately found by the ALJ. After de novo review, the Court agrees with the Magistrate Judge that the ALJ's decision on this point is supported by substantial evidence.

The ALJ assigned little weight to the two opinions of Dr. Ellsworth. (ECF No. 6-2, PageID.58). The ALJ noted that the April 2014 opinion from Dr. Ellsworth was internally inconsistent, inconsistent with the record as a whole, and inconsistent with Dr. Ellsworth's own treatment notes. (ECF No. 6-2, PageID.59). The ALJ further specified that the opinion was inconsistent with the findings of an examining neurosurgeon, Lisa Guyol, and that the doctor's opinion that Plaintiff should not work at all was an opinion reserved to the Commissioner. As relates to the February 5, 2016 opinion from Dr. Ellsworth, the ALJ found the opinion was "inconsistent with the record as a whole, including Dr. Ellsworth's own examinations of the claimant." (*Id.*). The ALJ also noted that, despite basing his opinion on a physical examination conducted the same day, Dr. Ellsworth had not conducted a musculoskeletal examination during that examination and, indeed, during the visit he had only diagnosed Plaintiff with joint pain and

knee pain. The ALJ further found the doctor's opinions that Plaintiff could not work and would miss three days of work each month were opinions reserved to the Commissioner and were speculative. (*Id.*)

Plaintiff argues the Magistrate erred in finding that the doctor's opinions were not supported by the record because that was not one of the reasons offered by the ALJ in his decision. (ECF No. 13, PageID.877). But the ALJ did precisely that in observing that the two opinions were inconsistent with the doctor's treatment notes and, as the Magistrate Judge correctly observed, it is appropriate for ALJs to consider whether a physician's opinion is consistent with other substantial evidence in the record. *See Mueller v. Comm'r of Soc. Sec.*, 683 F. App'x 365, 366 (6th Cir. 2017) (quoting *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) ("A medical opinion from a treating source must be given controlling weight if it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with other substantial evidence' in the record.").

Plaintiff primarily argues, however, that the ALJ impermissibly substituted his lay opinion when he decided that Doctor Ellsworth's medical findings could not cause the limitations the doctor later described. (ECF No. 13, PageID.879). Treatment notes, Plaintiff contends, are not made in anticipation of litigation and, while there may be some medical findings that appear in isolation to be normal or mild, an ALJ is not competent to apply these findings to an expert trained in the field. (*Id.* at PageID.879-881). The Court is not persuaded.

When determining a claimant's RFC, "[i]t is well established that the ALJ may not substitute his medical judgment for that of the claimant's physicians." *Brown v. Comm'r of Soc. Sec.*, No. 1:14–CV–236, 2015 WL 1431521, *7 (W.D. Mich. Mar. 27, 2015) (citing *Meece v. Barnhart*, 192 F. App'x 456, 465 (6th Cir. 2006)); *see Simpson v. Comm'r of Soc. Sec.*, 344 F.

3

App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Charter*, 98 F.3d 966, 970 (7th Cir. 1996)) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings."). However, when evaluating the claimant's RFC, the ALJ is not required to base his RFC findings entirely on a physician's opinion. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (quoting SSR 96–5p) ("[T]o require the ALJ to base her RFC finding on a physician's opinion, 'would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.'"). Importantly, "an ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding." *Poe v. Comm'r of Soc. Sec.*, 342 F. Appx. 149, 157 (6th Cir. 2009).

The Court concludes the ALJ acted squarely within his authority in determining Plaintiff's RFC and, therefore, to assign less than controlling weight to Dr. Ellsworth's opinions. It is the ALJ who has the ultimate responsibility for assessing a Plaintiff's RFC, based on all of the relevant evidence. See 20 C.F.R. § 404.1545(a); *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) ("The ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of [their] residual functional capacity."). Here, the ALJ did not determine whether the medical findings in the record could cause certain limitations. Rather, the ALJ simply observed the limitations were not supported by the record. In light of all of the evidence in that record, the Court finds that the ALJ did not improperly play doctor in giving little weight to Dr. Ellsworth's opinions.

Turning to the opinion of Dr. Karrar, Plaintiff argues the Magistrate again erred by finding the ALJ's decision supported by substantial evidence that was based on a reason not offered by the

ALJ. Here, Plaintiff complains the ALJ never observed Dr. Karrar's opinion was on a check-box form. The Court discerns no error here. True, the ALJ did not note in his decision that Dr. Karrar's opinion is a check-box opinion. But that is plainly what the opinion is: The worksheet questionnaire predominately contains short spaces with room only for the doctor to select one of several possible answers or fill in a short answer. (ECF No. 6-8, PageID.486-492). More concerning, however, is that when the doctor was asked to identify the positive clinical findings that supported the doctor's diagnosis, the doctor left the entire section blank. (*Id.* At PageID.485-86). Reviewing courts often observe that opinions contained on similar forms without sufficient accompanying explanation constitute "weak evidence at best." *See Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474 (6th Cir. 2016) (quoting *Mason v. Shalala*. 994 F.2d 1058, 1065 (3d Cir. 1993). It was against this backdrop that the Magistrate evaluated the ALJ's decision.

Furthermore, the Court agrees with the Magistrate Judge that the ALJ's decision to assign Dr. Karrar's opinion little weight is supported by substantial evidence. To be sure, a recommendation to engage in therapeutic exercise may not, in certain circumstances, be inconsistent with an inability to perform some types of work. But where, as here, the recommendation is plainly inconsistent with extreme limitations later provided by the doctor (such as an ability to only occasionally lift zero to five pound weights and no more, or an inability to sit or walk for less than one hour in an eight-hour day) the Court discerns no error.

2.  **Plaintiff's Credibility.**

Plaintiff's second and final Objection is that the Magistrate Judge erred in finding the ALJ's credibility determination was supported by substantial evidence. Plaintiff primarily argues that the ALJ erred in describing her fibromyalgia treatment as "conservative" treatment. (ECF No. 13, PageID.887). The ALJ did not, however, describe Plaintiff's fibromyalgia treatment as

5

conservative–partly because he did not find fibromyalgia to be a medically determinable impairment. Rather, the ALJ observed that Plaintiff had severe impairments that included degenerative joint disease, osteoarthritis, and degenerative disc disease of the cervical spine with a disc bulge at C5-C6 and had not undergone surgical treatment for those impairments. It was appropriate for the ALJ to make this observation.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 12) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED.**

A separate Judgment shall issue.


Dated:      February 20, 2019             /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          CHIEF UNITED STATES DISTRICT JUDGE